**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| K.F., an individual, | )  CASE NO. 2:22-cv-3839 |
| | ) |
| **Plaintiff,** | ) |
| | )  **JUDGE ALGENON L. MARBLEY** |
| v. | ) |
| | ) |
| RED ROOF INNS, INC., *et al.* | )  **MAGISTRATE JUDGE KIMBERLY** |
| | )  **A. JOLSON** |
| **Defendants.** | ) |

**SECOND JOINT STATUS REPORT**

Pursuant to this Court's Order, the parties hereby provide this Joint Status Report on the Motions for Protective Order Regarding Depositions Noticed by Plaintiffs (ECF No. 104). Now that the Court has given guidance on issue of fact versus corporate representative depositions, which was a large portion of the motions for protection, Plaintiff has withdrawn all of the cross noticed depositions. Plaintiff intends to take depositions of the Regional Vice Presidents of Operation (RVPO) or the Franchise Operations Director (FOD) for each case that is the subject of the Motions for Protection and the numerous fact witnesses that are no longer the subject of the Red Roof Defendants' argument that they are unavailable because they are disguised corporate representative depositions.

Plaintiff plans to notice these formerly withheld depositions of the fact witnesses that were at issue in the motions for protection, such as those identified in K.F. and H.S. The parties have made much progress, resolving nearly all issues.

For this case, Plaintiff intends to schedule:

1.      30(b)(6) / individual 30(b)(6)

**Defendants' Position:** While the RRI Defendants agree to this deposition, they note the below history, as this additional discovery will necessitate a further extension of the case schedule. The RRI Defendants understand this refers to the two-day 30(b)(6) deposition that occurred in November 2025 as well as the agreed-upon 2-hour property specific 30(b)(6) deposition to be scheduled. Despite agreement, Plaintiff has not moved forward with scheduling these depositions over what she now alleges are discovery deficiencies. The RRI Defendants produced over 40,000 documents in this case in 2025, completing that production on January 2, 2026. Property specific documents were produced throughout 2025, completing that production on November 10, 2025. Counsel for Plaintiff sent one deficiency notice on January 5, 2026. Additional documents regarding one minor additional category of documents, revenue reports, are in the process of being produced. Further, the parties met and conferred regarding Plaintiff's intranet request and on March 30 the RRI Defendants again confirmed the existence of no additional responsive information.  There is no reason discovery could not have moved forward within the allotted case schedule. Further, the RRI Defendants dispute Plaintiff's position below that there were "areas that were not searched and individual document types that are case/property specific that needed produced." As described above, there were not. If Plaintiff intends to proceed with these depositions, the RRI Defendants request a property specific 30(b)(6) notice to prepare the witness for the two-hour deposition. The RRI Defendants note that it would realistically be unable to identify dates and prepare a witness for 16 property-specific 30(b)(6) depositions until July.

**Plaintiff's Response**: Plaintiff does not believe it is a resurrection of issues, but one that was brought up by Plaintiff on January 5 and not responded to for a month and half.  Plaintiff and the Red Roof Defendants have worked in good faith since then to resolve the issues. The parties previously agreed to take depositions of RVPO, and short (2 hour) property specific 30(b)(6) deposition in individual cases. Plaintiff's counsel noticed and scheduled depositions of RVPOs. During the first depositions, Plaintiff's counsel identified areas that were not searched and individual document types that are case/property specific that needed produced. As a result, Plaintiff suspended further depositions and Red Roof agreed to produce additional documents for individual cases. The Red Roof Defendants contend that the productions are complete, but Plaintiff never received notice so has been under the assumption that the discovery has not been completed. Now that the Red Roof Defendants contend that it is complete, Plaintiff intends to reschedule the RVPO and property specific 30(b)(6). That said, the parties have reached agreement that Plaintiff will provide the 30(b)(6) notices and work with the Red Roof Defendants on the date of the depositions.

  2.  Jon Baaske (FOD) (will cross notice with K.L.)

**Defendants' Position:** No objection in K.F. and K.L. The RRI Defendants note that Plaintiff initially noticed Mr. Baaske's deposition on December 22, 2025 to occur on January 14, 2026, later pulling down the deposition because of an alleged discovery deficiency.

  3.  Steve Woodward

**Defendants' Position:** No objection. However, the RRI Defendants note that Plaintiff's counsel has changed their position on seeking the deposition of Michelle Wherle. The RRI Defendants believe that deposing both Steve Woodward and Michelle Wherle (where Plaintiff's counsel has deposed Ms. Wehrle two times and Mr. Woodward was her supervisor) is not proportional to the

needs of their case. In addition, RRI Defendants will agree to one more deposition of Ms. Wehrle by Plaintiff's counsel but will object to further depositions of Ms. Wherle. Moreover, RRI Defendants further note that Mr. Woodward should not be subject to a separate deposition in every case. As he is not listed in any other status report, the RRI Defendants understand that is not currently Plaintiff's intention.

**Plaintiff's Position**: Plaintiff will meet and confer in good faith and believes that extrajudicial resolution of any issues regarding Mr. Woodward and Ms. Wherle can be resolved.

4. Greg Stocker

**Defendants' Position:** No objection. The RRI Defendants only note that Mr. Stocker should not be subject to a separate deposition in every case. As he is not listed in any other status report, the RRI Defendants currently understand that is not Plaintiff's intention.

**Plaintiff's Position**: Plaintiff will seek to cross notice Mr. Stocker in any case to which his testimony is relevant.

5. Andrew Alexander (will cross notice with H.S.)

**Defendants' Position:** The RRI Defendants stand on their objections to Mr. Alexander's deposition in this case for the reasons set forth in their Motion for Protective Order. (ECF No. 104.) The deposition of this former senior executive is cumulative of the 30(b)(6) deposition that already took place in November 2025. Mr. Alexander does not possess unique corporate knowledge relevant to this case. Further, this deposition is burdensome under Fed. R. Civ. P. 26: the burden outweighs any marginal benefit, especially when Mr. Alexander lacks any relevant knowledge tied to the Subject Hotel or the claims at issue. RRI Defendants separately object to Mr. Alexander's deposition because he formerly served as General Counsel. Any questioning about assessments, recommendations, and advice on legal compliance, policy formation, and litigation exposure would probe attorney-client communications and work product. Further, Mr. Alexander's deposition is inappropriate under the Apex doctrine. Plaintiff cannot show lack of other means to obtain the information, or that Mr. Alexander's deposition is crucial. The RRI Defendants' Motion for Protective Order (ECF No. 99) is fully briefed on this issue.

**Plaintiff's Position** too is fully briefed on this issue at ECF No. 100 at 24-26. This Court has held in *H.H. v. G6 Hosp.,* LLC, No. 2:19-cv-755, at *15-20 (S.D. Ohio Apr. 30, 2021) that "[Red Roof']s corporate offices" can testy about "what [these] employees, managers, and officers of [Red Roof] knew or should have known about human trafficking." These individuals have information about Red Roofs corporate knowledge of sex trafficking that no others likely have.  To the extent Red Roof objects to these depositions not on privilege, it has no standing. Former General Counsel and President of Red Roof Andrew Alexander is a named custodian/decision maker and his files provided 1,690 universal corporate documents, which makes him a top ten custodian producer. Many communications were sent directly to Mr. Alexander related to human trafficking problems at Red Roof.  Mr. Alexander was asked by the public many times what Red Roof was going to do about its Human Trafficking problem. The documents from Mr. Alexander's files show that he resisted training and changes in policy related to trafficking out if fear that it would negatively affect occupancy. This evidence is incredibly important to the plaintiffs and damaging to Red Roof.

3

6.  Jay Moyer (will cross notice with H.S.)

**Defendants' Position:** The RRI Defendants object to Mr. Moyer's deposition because it is not proportional to the needs of this case, as he was not a Regional Vice President of Operations for the Subject Hotel. In fact, the Subject Hotel was franchised by Defendant Shree Shiv, LLC, during the alleged trafficking period, so there were no Regional Vice Presidents of Operation at all. The RRI Defendants' Motion for Protective Order (ECF No. 104) is fully briefed on this issue.

**Plaintiff's Position**: Red Roof contends, again as it did in its motion for protection, with no particularized showing or any evidentiary support, that depositions of this non-party impose an undue burden. Just saying so is not close to meeting Red Roof's burden. There are hundreds of documents related to sex trafficking at Red Roof that came from Mr. Moyer's files that have Mr. Moyer's name on them, were sent to him, sent by him, or drafted by him.

7.  Amy Brown

**Defendants' Position:** RRI Defendants will withdraw its objection. The RRI Defendants only note that Ms. Brown should not be subject to a separate deposition in every case. As she is not listed in any other status report, the RRI Defendants understand that is not currently Plaintiff's intention.

**Plaintiff's Position**: Plaintiff will meet and confer in good faith and believes that extrajudicial resolution of any issues regarding Amy Brown can be achieved.

After Plaintiff takes RVPO and individual 30(b)(6) depositions in the other cases, she will

know what additional depositions she needs in this case and will work to cross notice depositions

to the extent possible.

**Defendants' Position:** The RRI Defendants object to further extensions of discovery, beyond the agreed-upon deposition here, given Plaintiff's delay in this case and for the reasons stated above.

**Plaintiff's Position**. Plaintiff could not have taken the fact witness depositions until this Court just last week gave guidance as to the fact witness versus corporate witness distinction.  Plaintiff seeks to litigate this case on its merits. She should not be prohibited from doing so because the Red Roof Defendants moved for protection in November of last year—nearly six months ago.

Respectfully submitted,

/s/ *Steven C. Babin*
Steven C. Babin, Jr. (0093584)
Penny L. Barrick (0074110)
**Babin Law, LLC**
10 W Broad Street
Suite 900
Columbus, Ohio 43215
P: 614.761.8800
F: 614.706.1775
C: 614.747.6184

/s/ *Chelsea Mikula*
Chelsea Mikula (0086453) (trial counsel)
Elisabeth C. Arko (0095895)
Joseph A. Manno (0092258)
Paige R. Betley (0104934)
**Tucker Ellis LLP**
950 Main Avenue – Suite 1100
Cleveland, OH 44113-7213
Phone:  216.592.5000
Fax:     216.592.5009

4

steven.babin@babinlaws.com
penny.barrick@babinlaws.com

*Trial Counsel for Plaintiff*

E-Mail: chelsea.mikula@tuckerellis.com
elisabeth.arko@tuckerellis.com
joseph.manno@tuckerellis.com
paige.betley@tuckerellis.com

Sandra J. Wunderlich (Pro Hac Vice)
Tucker Ellis LLP
100 South 4th Street, Suite 600
St. Louis, MO  63102
Phone:   314.256.2550
Fax:       314.256.2549
E-Mail:  sandra.wunderlich@tuckerellis.com

*Attorneys for Defendants Red Roof Inns, Inc. and
Red Roof Franchising, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2026, a copy of the foregoing was served electronically to all counsel of record pursuant to Fed. R. Civ. P. 5(b)(2)(E) through this Court's electronic filing system.

Respectfully submitted,

*/s/ Chelsea Mikula*
Chelsea Mikula
*One of the Attorneys for Defendants Red Roof Inns, Inc. and Red Roof Franchising, LLC*